**Pantaleon Florez, Jr., #10889**
933 S. Kansas Avenue
Topeka, Kansas 66612-1210
(785) 234-6699 F: (785) 234-6650
florezlaw@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIA GUESBY
      Plaintiff,
v.                              Case No. 2022-_____
BERT NASH COMMUNITY
MENTAL HEALTH CENTER, INC.
      Defendant.

**COMPLAINT**
**JURY TRIAL DEMANDED**

**INTRODUCTION**

1. This action for monetary, declaratory, equitable and other appropriate relief is brought by Plaintiff, Tia Guesby, to redress violation of rights secured by the United States Constitution, laws of the United States of America and the Kansas Bill of Rights by the Defendant, Bert Nash Community Mental Health Center, Inc.

2. This action arises under the Thirteenth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1981, as amended; the Civil Rights Act of 1964 as amended (1991), and 42 U.S.C. §2000e, et seq. (hereinafter Title VII); and The Kansas Act Against Discrimination K.S.A. 44-1001 et. seq. (hereinafter the Kansas Act).

**JURISDICTION AND VENUE**

3. This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(3) to redress the violations of equal protection and deprivation of privileges and immunities secured by the Thirteenth and Fourteenth Amendments to

1

the United States Constitution. Jurisdiction over Plaintiff's claims arising under state law exists by virtue of this Courts supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Plaintiff timely filed a charge of discrimination in writing, with the Equal Employment Opportunity Commission and the Kansas Commission on Civil Rights, requested and received a "Right to Sue" letter on June 23, 2022. This action is brought within the ninety (90) day statutory period for filing. A copy of the notice of "right to sue" dated, is attached hereto.

5. Defendant is an employer within the meaning of Title VII and has more than 100 and fewer than 201 employees in each of 20 or more calendar weeks in the current or preceding year.

6. The unlawful practices and act alleged below were committed within the state of Kansas and venue is properly laid in this Court by virtue of 28 U.S.C. § 1391(b).

**PARTIES**

7. Plaintiff is a citizen of the United States of America of African descent currently residing at 1043 Delaware St., Apt. C, Lawrence, Kansas 66044.

8. Defendant is a not for profit corporation incorporated under the law of the State of Kansas and is responsible for the unlawful acts complained of herein. Defendant may be served with summons and complaint by serving its resident agent, Bradley Finkeldei, at 900 Massachusetts St. Suite 500, Lawrence, KS 66044.

**FACTUAL ALLEGATIONS**

9. Plaintiff was employed as a CNA with Defendant from June 11, 2019 to March 12, 2021.

10. Plaintiff worked her first year on the second floor then transferred to the first floor medical team in December 2020, under a new supervisor Donna Powers.

11. Within one month of her transfer, Plaintiff was asked by her supervisor, Donna Powers, to change her natural hairstyle because it looked "messy and unkempt".

12. Plaintiff was directed and required by her supervisor to look at Google Images searched by her supervisor of "black hair styles" that would be "conservative enough", "more white looking" to change her "ethnic hair".

13. The pictures that her supervisor showed her were of black women with braids, straightened hair or wigs. Plaintiff's hair was kept in its natural state.

14. Plaintiff felt that she was trapped within the office during this exchange with her supervisor and became emotionally distressed.

15. Plaintiff was subjected to the above racial harassment due to the appearance of her hair and felt she would be terminated for not changing her hairstyle.

16. Other similarly situated white employees were not asked to change their hairstyles.

17. Kathy Williams, a white coworker, had long curly hair but was never asked to straighten, braid, or otherwise modify her hair in order to appear more "conservative".

18. Plaintiff made a report to Alana Beer in the Human Resources Department stating that she felt her supervisor was discriminating against her on the basis of race.

19. Alana set up a meeting between Plaintiff, supervisor Donna Powers, and Director Nana Dadson over Plaintiff's complaints of race based disparate treatment.

20. Thereafter, Plaintiff was locked out of emails between her and Alana Beer. The emails were the only documentation of the complaint of discrimination.

21. On March 12, 2021, Plaintiff's employment was terminated on the basis of her race and in retaliation for her complaint of racial discrimination.

22. On April 23, 2021, Plaintiff alleged, by written statement filed with the Kansas Human Rights Commission and Equal Employment Opportunity Commission that she had been discriminated and retaliated against by Defendant on the basis of race, thereby constituting an unlawful employment practice by the Defendant in violation of the applicable Civil Rights legislation.

23. Defendant alleged that the reason for terminating Plaintiff was based upon a HIPAA violation.

24. Plaintiff never violated HIPAA.

25. The stated reason of the Defendant is a mere pretext for their unlawful discrimination.

26. As a result of these unlawful discriminatory acts, Plaintiff has sustained serious losses, including loss of pay and future pecuniary losses, lost benefits and has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, ridicule and other nonpecuniary losses as a direct result of the racially motivated discriminatory conduct of the Defendant.

27. Plaintiff alleges that the unlawful employment policies and practices as charged in this Complaint were committed by the Defendant with malice or with reckless indifference to the federally protected individual rights of Plaintiff and constitute willful, and intentional race based discrimination against her.

28. Plaintiff has therefore instituted this action to obtain appropriate relief as provided under all applicable Federal and State statutes.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays this Court:

a. Enjoin Defendant and its officers, agents, successors, employees, attorneys, and other representatives, and those acting in concert with and at its discretion from continuing or maintaining any policy or practices, specifically including those herein alleged which discriminate or have the effect of discriminating or which deprive or tend to deprive an individual or employment opportunities because of race in violation of Title VII of the 1964 Civil Rights Act, as amended(1991), 42 U.S.C. § 2000e et seq.

b. Order Defendant, to institute and carry out whatever policies, practices and affirmative actions are necessary to eradicate the effects of its past and present unlawful practices and discrimination.

c. Order Defendant to make whole the Plaintiff, adversely affected by the practices hereinabove described by compensating and paying restitution of actual damages in the form of back pay, with interest at the legal rate.

d. Order Defendant to award Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000) as a direct result of Defendant's discriminatory conduct.

e. Order Defendant to reinstate the Plaintiff to her former position with Defendant or in the alternative award Plaintiff front pay.

f. Retain jurisdiction over this action to assure full compliance by Defendant with the Court's decree entered in this action and the provisions of Title VII.

g. Due to Defendant's having engaged in discriminatory practices with malice or with reckless indifference to the federally protected individual rights of Plaintiff and willful, and intentional discrimination against her, award punitive damages in an amount in excess of One Hundred Thousand Dollars ($100,000).

h. Award Plaintiff the costs of this action plus reasonable attorney's fees.

i. Grant such additional relief as the Court deem just and proper in the premises.

Respectfully submitted,

/s/Pantaleon Florez, Jr.
Pantaleon Florez, Jr., #10889
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by a jury of twelve (12) individuals in this matter, to the extent allowed by law.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place for trial in the above matter.

Respectfully submitted,
/s/Pantaleon Florez, Jr.
Pantaleon Florez, Jr., #10889
Attorney for Plaintiff

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Tia N. Guesby<br>1043 Delaware St., Apt. C<br>Lawrence, KS 66044 | From: | St. Louis District Office<br>1222 Spruce St, Rm 8 100<br>St Louis, MO 63103 |
|---|---|---|---|

| EEOC Charge No.<br>28D-2021-00528 | EEOC Representative<br>**Joseph Wilson,**<br>**State, Local & Tribal Program Manager** | Telephone No.<br>(314) 798-1930 |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**ISSUED ON: JUNE 21, 2022**

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- More than 180 days have passed since the filing of this charge.
- The EEOC is terminating its processing of this charge.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: David Davis
06/21/2022
**David Davis**
**Acting District Director**

Enclosures(s)

cc:  Gregory P Goheen
Attorney
MCANANY, VAN CLEAVE & PHILLIPS, P.A.
10 East Cambridge Circle Dr., Ste. 300
Kansas City, KS 66103

Pantaleon Florez, Jr.
Attorney at Law
933 S. Kansas Ave.
Topeka, KS 66612-1210