IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIA GUESBY,                           )
                                      )
              Plaintiff,              )
                                      )          Case No. 22-2370-DDC-TJJ
       v.                             )
                                      )
BERT NASH COMMUNITY MENTAL            )
HEALTH CENTER, INC.,                  )
                                      )
              Defendant.              )

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

I.      **Statement of Nature of the Matter Before the Court and Relief Sought.**  Plaintiff was

formerly employed as a CNA by Defendant, a Kansas not-for-profit community mental health

center.  Complaint (ECF No. 1), p. 2 ¶¶ 8 & 9.  Plaintiff alleges that she was subjected to racial

discrimination and/or harassment by her supervisor based on her hairstyle.  Complaint (ECF No.

1), p. 3 ¶¶ 10-15.  Plaintiff contends that she was terminated on March 12, 2021, based on her race

and in retaliation for her complaint of racial discrimination to Defendant's Human Resources

Department.  Complaint (ECF No. 1), pp. 3-4 ¶¶ 18 & 21.  Plaintiff asserts claims against

Defendant based on these factual allegations premised on the following legal theories:

A.      the 13th Amendment to the U.S. Constitution;

B.      the 14th Amendment to the U.S. Constitution;

C.      42 U.S.C. § 1981;

D.      Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII");

E.      the Kansas Bill of Rights; and

F.      the Kansas Act Against Discrimination, K.S.A. 44-101 *et seq.* ("KAAD").

Complaint (ECF No. 1), pp. 1-2 ¶¶ 1, 2 & 3.  Defendant denies that Plaintiff was discriminated against, harassed or retaliated against based on her race or otherwise and further denies that it violated __*any*__ constitutional provision or statute relied on by Plaintiff as a basis for her claims.  For the reasons set forth below, Defendant seeks dismissal of Plaintiff's claims which are premised on (1) the 13th or 14th Amendments to the U.S. Constitution; (2) the Bill of Rights to the Kansas Constitution; and (3) the KAAD.

  **II.**  <u>**Statement of Facts.**</u> Because this matter is before the Court on a motion to dismiss, the facts are generally those alleged in Plaintiff's Complaint (ECF No. 1) and other documents referenced or relied upon in her Complaint (ECF No. 1).[1]  "Facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment … .  At any stage of the proceedings the court may take judicial notice of a fact which is not subject to reasonable dispute, a requirement that is satisfied if the fact is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"  <u>JP Morgan Trust Co. Nat. Ass'n v. Mid-America Pipeline Co.</u>, 413 F.Supp.2d 1244, 1258 (D.Kan. 2006) (quoting Fed.R.Evid. 201(b)(2)); <u>see also</u> <u>Bain v. Continental Title Holding Company, Inc.</u>, No. 16-2326-JWL, 2017 WL 264545, at *1 (D.Kan. Jan. 20, 2017) (citing <u>Tal v. Hogan</u>, 453 F.3d 1244, 1264-65, n.24 (10th Cir. 2006)).  This is particularly true where the facts pertain to whether Plaintiff has complied with conditions precedent necessary to establish subject matter jurisdiction.[2]  Facts material to this motion include:

---

[1] In considering a motion to dismiss, the court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff.  <u>Jojola v. Chavez</u>, 55 F.3d 488, 490 (10th Cir. 1995) (quotation omitted); <u>Pizza Management, Inc. v. Pizza Hut, Inc.</u>, 737 F.Supp. 1154, 1157 (D.Kan.).  The court is generally limited to "assessing the legal sufficiency of the allegations contained within the four corners of the complaint," <u>Jojola</u>, 55 F.3d at 494, including documents incorporated into the pleadings.  <u>See</u> <u>United States v. Wood</u>, 925 F.2d 1580, 1582 (7th Cir. 1991).  These facts are admitted solely for purposes of this motion and should not be deemed admissions for purposes of trial.  Wright, Miller & Kane, Fed.Prac. & Proc. § 2722 at 48.

[2] When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint 's factual allegations.  <u>Schmidt v. Cline</u>, 127 F. Supp. 2d 1169, 1175 (D. Kan. 2000).  A

1.      Plaintiff was formerly employed as a CNA by Defendant, a Kansas not-for-profit community mental health center.  Complaint (ECF No. 1), p. 2 ¶¶ 8 & 9.

2.      Plaintiff alleges that she was subjected to racial discrimination and/or harassment by her supervisor based on her hairstyle.  Complaint (ECF No. 1), p. 3 ¶¶ 10-15.

3.      Plaintiff contends that she was terminated on March 12, 2021, based on her race and in retaliation for her complaint of racial discrimination to Defendant's Human Resources Department.  Complaint (ECF No. 1), pp. 3-4 ¶¶ 18 & 21.

4.      Plaintiff claims she filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Kansas Human Rights Commission ("KHRC") on April 23, 2021.  Complaint (ECF No. 1), p. 4 ¶ 22.

5.      Plaintiff claims that she received a right to sue letter from the EEOC and KHRC on June 23, 2022.  Complaint (ECF No. 1), p. 2 ¶ 4.

6.      Plaintiff does not allege anywhere in her Complaint (ECF No. 1) that she sought reconsideration from the KHRC as required by K.S.A. 44-1010.

## III.    Argument and Authorities.

**A.      Legal Standards Applicable to a Motion to Dismiss.**  To survive a motion to dismiss, a plaintiff must have pleaded "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007) (interpreting standard on motion to dismiss). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

---

court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.  Schmidt, 127 F. Supp. 2d at 1175; see also Marcus v. Kansas, Department of Revenue, 980 F. Supp. 398, 400 (D. Kan. 1997), reversed on other grounds, 170 F.3d 1305 (10th Cir. 1999) ("In reviewing a factual attack on subject matter jurisdiction, a district court must go beyond the allegations and evaluate the evidence presented by the parties.").

Iqbal,, 556, U.S. 662, 677 (2009) (citing <u>Twombly</u>, 550 U.S. at 556). "'The complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" <u>Carter v. U.S.</u>, 667 F. Supp.2d 1259, 1262 (D.Kan. 2009) (quoting <u>Ridge at Red Hawk, LLC v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir. 2007)).

The Tenth Circuit utilizes a two-step process when analyzing a motion to dismiss. <u>Hall v. Whiteman</u>, 584 F.3d 859, 863 (10th Cir. 2009). First, the court must identify conclusory allegations not entitled to the assumption of truth. <u>Id.</u> Second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. <u>Id.</u> "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to state a claim for relief. <u>Iqbal</u>, 556 U.S. at 678. A court may not presume facts not alleged. <u>Gallardo v. Board of County Commissioners</u>, 857 F.Supp. 783, 786 (D.Kan. 1994). A plaintiff must set forth factual allegations respecting each material element necessary to sustain recovery under some actionable legal theory. <u>Id.</u> at 787.

**B.      Plaintiff has no viable claim against Defendant under either the 13th or the 14th Amendments to the U.S. Constitution.** It is not entirely clear what the nature of the claims Plaintiff is asserting under either Amendment to the U.S. Constitution are or what specific facts are alleged in support of such claims. However, whatever the particulars of her claims may be, there are no viable claims under either Amendment that can be asserted against Defendant, a private not-for-profit corporation, based on the facts that are alleged in Plaintiff's Complaint (ECF No. 1). The 14th Amendment provides that "No ***State*** shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any ***State*** deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Thus, by its own express language, the 14th

4

Amendment applies only to state action and not to private action.  See Shelly v. Kraemer, 334 U.S. 1, 13 (1948).  Accordingly, Plaintiff cannot maintain a viable claim against Defendant under the 14th Amendment and any such claims must be dismissed.

Similarly, Plaintiff cannot maintain a claim against Defendant under the 13th Amendment. Again, it is not clear from the Compliant (ECF No. 1) how Plaintiff contends that Defendant violated her rights under the 13th Amendment.  Section 1 of the 13th Amendment provides that "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction. Congress shall have power to enforce this article by appropriate legislation."  Plaintiff is not alleging in this case that she was subjected to slavery or involuntary servitude by Defendant. Defendant recognizes that Section 2 of the 13th Amendment has been interpreted by the U.S. Supreme Court to permit Congressional legislation to also address "badges" or "incidents" of slavery, but, in the absence of such Congressional action, the 13th Amendment, itself, has not been interpreted to apply to claims against private actors premised on a "badge" or "incident" of slavery. See Palmer v. Thompson, 403 U.S. 217, 226–27 (1971).  Regardless, Plaintiff has not alleged any facts which might support a direct claim under the 13th Amendment against Defendant premised on a "badge" or "incident" of slavery or any other basis.  Accordingly, Plaintiff cannot maintain a viable claim against Defendant under the 13th Amendment and any such claims must be dismissed.

**C.    Plaintiff has no viable claim against Defendant under the Kansas Bill of Rights.**  Plaintiff does not specify in her Complaint (ECF No. 1) which right, if any, she is premising her claim on nor does she specifically identify which, if any, facts are alleged in support of this claim.  Regardless, this issue is controlled by the Kansas Supreme Court decision in Prager v. Department of Revenue, 271 Kan. 1 (Kan. 2001).  In Prager, the Court held that neither a

governmental entity nor its employee could be held liable under the Kansas Tort Claims Act for a constitutional tort because there is no statutory or common-law cause of action in Kansas by which a private person may be liable for damages for deprivation of a person's constitutional rights. <u>Prager</u>, at 33 & 37; <u>see</u> <u>Boyer v. Board of County Comr's of Johnson County</u>, 922 F.Supp. 476, 483 n. 5 (D.Kan. 1996), <u>aff'd</u>, 108 F.3d 1388 (10th Cir. 1997) (Kansas Tort Claims Act does not allow claim for monetary damages for violation of free speech under the Kansas Constitution); <u>see</u> <u>also</u> <u>OMI Holdings, Inc. v. Howell</u>, 864 F. Supp. 1046 (D. Kan. 1994), <u>aff'd</u> , 107 F.3d 21 (10th Cir. 1997) (table) ("Section 18 does not create rights of action and cannot be used to imply a cause of action not already recognized by the laws of Kansas" (<u>citing</u> <u>Schmeck v. City of Shawnee</u>, 231 Kan. 588, 594 (1982)).  Plaintiff simply cannot under Kansas law sustain a cognizable claim against Defendant, a private not-for-profit corporation, for alleged violation of her rights under the Bill of Rights to the Kansas Constitution.  Accordingly, to the extent Plaintiff's claims are premised on the Bill of Rights to the Kansas Constitution, they must be dismissed.

     **D.**    **Plaintiff has no viable claim against Defendant under the KAAD.**  Plaintiff cannot maintain a civil cause of action for violation of the KAAD without first exhausting all of her administrative remedies.  <u>Sandlin v. Roche Laboratories, Inc.</u>, 268 Kan. 79, 88 (1999).  Failure to do so deprives the court of subject matter jurisdiction over the claim.  <u>Leeker v. Gill Studios, Inc.</u>, 21 F.Supp.2d 1267, 1273 (D.Kan. 1998).  Notably, any claim under the KAAD must first be made to the KHRC.  K.S.A. 44-1005.  Such a claim must be filed within 180 days of the alleged prohibited act otherwise the KHRC, and any subsequent judicial body, lacks jurisdiction over the claim.  K.S.A. 44-1005(i).  Further, the KAAD ***requires a petition for reconsideration*** filed with the KHRC as a prerequisite to an action in district court.  K.S.A. 44-1010.

In the present case, Plaintiff has not pled compliance with, nor has she actually complied with, the KAAD's administrative prerequisite of seeking reconsideration by the KHRC as required by K.S.A. 44-1010 prior to filing this litigation.   See Tucking v. Board of Jefferson County Comm'rs, 14 Kan.App.2d 442, 445, rev. denied, 246 Kan. 770 (1990) (holding that the plaintiff has the burden of pleading performance or occurrence of conditions precedent).   Plaintiff cannot pursue any civil action in court based on the KAAD without first having exhausted her administrative remedies which she has not alleged that she did in her Complaint (ECF No. 1) nor has she actually done so.   Leeker v. Gill Studios, Inc., 21 F.Supp.2d 1267, 1273 (D.Kan. 1998). Accordingly, Plaintiff's KAAD must be dismissed because no subject matter jurisdiction exists to consider such claims.

**IV.   Conclusion.**   Plaintiff's claims which are premised on (1) the 13th or 14th Amendments to the U.S. Constitution, (2) the Bill of Rights to the Kansas Constitution, and (3) the KAAD should be dismissed as she has failed to plead any facts sufficient to establish a viable claim Defendant under any of these constitutional provisions or statutes.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, 300
Kansas City, Kansas  66103
Telephone:     (913) 371-3838
Facsimile:      (913) 371-4722
E-mail:ggoheen@mvplaw.com


By:   /s/ Gregory P. Goheen
          Gregory P. Goheen                #16291

Attorneys for Defendant Bert Nash Community Mental Health Center, Inc.

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 1st day of February, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Pantaleon Florez, Jr.
933 S. Kansas Avenue
Topeka, KS 66612-1210
Attorneys for Plaintiff

                        /s/ Gregory P. Goheen