IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIA GUESBY
    Plaintiff,
v.                                             Case No. 22-2370-DDC-TJJ

BERT NASH COMMUNITY
MENTAL HEALTH CENTER, INC.
    Defendant.

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S PARTIAL MOTION TO DISMISS**

Plaintiff by and through her counsel Pantaleon Florez Jr., submits the following response to defendants motion and memorandum in support of dismissal of claims "premised on the following legal theories:

    A.    the 13th Amendment to th U.S. constitution;

    B.    the 14th Amendment to th U.S. constitution; **. . .**

    E.    the Kansas Bill of Rights; and

    F.    the Kansas Act Against Discrimination, K.S.A. 44-101[sic] *et seq.*("KAAD")."

The motion and memorandum acknowledge that claims have been stated with regard to 42 U.S.C. §1981 and Title VII and that defendant denies any unlawful discrimination or retaliation occurred.

Plaintiff acknowledges to the extent that a claim was asserted under the 14th Amendment to the United States Constitution and the Kansas Bill of Rights that no state action is present and no claim is directly asserted under either.

**The Legal Standard**

The legal standard applicable to consideration of a motion to dismiss requires the court to accept as true all well-pleaded factual allegations in the complaint, view

those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. ***Brokers' Choice of America, Inc. v. NBC Universal, Inc***., 757 F.3d 1125, 1135-36 (10th Cir. 2014); ***Mink v. Knox***, 613 F.3d 995, 1000 (10th Cir. 2010).  In the complaint, the plaintiff must allege a "plausible" entitlement to relief. ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-556, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).

**The 13th Amendment Claim**

As to the claim under the 13th Amendment to the United States Constitution defendant has characterized it as nothing more than a claim based upon plaintiff's hairstyle. The complaint actually states much more than that claimed by defendant. The following are the allegation in ¶¶ 10-15 of the complaint.

10.  Plaintiff worked her first year on the second floor then transferred to the first floor medical team in December 2020, under a new supervisor Donna Powers.

11.  Within one month of her transfer, Plaintiff was asked by her supervisor, Donna Powers, to change her natural hairstyle because it looked "messy and unkempt".

12.  Plaintiff was directed and required by her supervisor to look at Google Images searched by her supervisor of "black hair styles" that would be "conservative enough", "more white looking" to change her "ethnic hair".

13.  The pictures that her supervisor showed her were of black women with braids, straightened hair or wigs.  Plaintiff's hair was kept in its natural state.

14.  Plaintiff felt that she was trapped within the office during this exchange with her supervisor and became emotionally distressed.

2

15. Plaintiff was subjected to the above racial harassment due to the appearance of her hair and felt she would be terminated for not changing her hairstyle.

The 13th Amendment protects more than "badges" or "incidents" of slavery. It protects persons from economic oppression in the workplace. This Circuit in ***United States v. Kaufman***, 546 F.3d 1242, 1263 (10th Cir. 2008) found that the 13th Amendment in the context of involuntary servitude and forced labor statutes applies to coerced acts other than "work in an economic sense."  While that case involved criminal prosecution for forced labor (under 18 U.S.C. § 1589) and multiple counts of involuntary servitude (under 18 U.S.C. § 1584) the effort to coerce plaintiff into looking more white is no less violative.   The complaint alleges she felt trapped in the office by her supervisor and felt emotionally traumatized.

Private actors are within the scope of persons who can be held liable for violations of the 13th Amendment.  They may also be liable directly under the Thirteenth Amendment.  ***Terry Properties, Inc. v. Standard Oil Co.***, 799 F. 2d 1523, 1534 (11th Cir. 1986) citing ***City of Memphis v. Greene***, 451 U.S. 100, 120, 101 S.Ct. 1584, 1596, 67 L.Ed.2d 769 (1981) See also, ***United States v. Beebe***, 807 F. Supp. 2d 1045, 1053 (D.N.M. 2011).

The facts alleged support a direct claim under the 13th Amendment against Defendant.  Defendant relies upon ***Palmer v. Thompson***, 403 U.S. 217 (1971), as support for dismissal of plaintiff's the 13th Amendment claim.  Such reliance is misplaced.  In ***Palmer,*** the court considered what it characterized as action neutral on its face by the city to close all it's swimming pools to avoid integration.  No such claimed race neutral action is involved in this case. Race was the reason for the action.

When viewed in the light most favorable to the plaintiff the claim under the 13th Amendment must be allowed to proceed as Defendant has failed to establish it is entitled to dismissal at this early stage.

**The Kansas Act Against Discrimination.**

Plaintiff does not dispute that K.S.A. 44-1010 suggests that an aggrieved party may request by petition reconsideration of any order or decision of the commission. The distinction in this case is that no order or decision of the commission has been rendered from which reconsideration could be had. Rather, the action was filed directly as part of the dual filing with the EEOC where exhaustion took place. A s such no reconsideration petition was required for this court to obtain supplemental jurisdiction of the claim.

The ***United Steelworkers v. Kansas Commission on Civil Rights,*** 253 Kan. 327, 855 P.2d 905 (Kan. 1993) case established the proper construction of a claim brought under the KAAD from an order or decision. In either case the party seeking review must timely request reconsideration to have exhausted their administrative remedies. But in this case no order or decision has been rendered or is expected to be issued based upon the filing under the Title VII notice of right to sue.

Plaintiff can not exhaust by seeking reconsideration that which will never be issued. Plaintiff submits this court has jurisdiction as it would be a futile act for plaintiff to have to seek reconsideration of an order or decision that will never be. To the extent that supplemental jurisdiction exists the court should not dismiss this claim and rater afford plaintiff the opportunity to request reconsideration of the Kansas Human Rights Commission to satisfy the exhaustion defendant claims is lacking.

4

**Wherefore,** plaintiff respectfully requests this court deny the motion to dismiss plaintiff's claims under the 13th Amendment to the U.S. Constitution and under the KAAD as she has sufficiently stated claims and in the alternative grant plaintiff a reasonable amount of time within which to submit a petition for reconsideration to the Kansas Human Rights Commission to meet the exhaustion requirements of which defendant complains are deficient and for such further relief as this court deems just and equitable.

        Respectfully submitted,

        s/Pantaleon Florez, Jr.
        Pantaleon Florez, Jr., #10889
        Attorney for Plaintiff
        933 S. Kansas Avenue
        Topeka, KS 66612-1210
        (785)234-6699 F: (785) 234-6650
        florezlaw@gmail.com

## CERTIFICATE OF SERVICE

    I hereby certify on February 22, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

        /s/PantaleonFlorez,Jr.
        Pantaleon Florez, Jr., #10889