IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIA GUESBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 22-2370-DDC-TJJ |
| v. ) | |
| ) | |
| BERT NASH COMMUNITY MENTAL ) | |
| HEALTH CENTER, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

**I.     Statement of Nature of the Matter Before the Court and Relief Sought.** Plaintiff in this case is a former employee of Defendant, a Kansas not-for-profit community mental health center who alleges her employment was terminated based on her race and in retaliation for her complaint of racial discrimination to Defendant's Human Resources Department. As discussed in greater detail herein, Plaintiff's claims should be dismissed.

**II.    Statement of Facts.** The material facts remain those highlighted in Defendant's Memorandum. (ECF No. 8), p. 2-3.

**III.   Argument and Authorities.**

   **A.    Legal Standards Applicable to a Motion to Dismiss.** The parties generally concur on the applicable legal standards.

   **B.    Plaintiff has no viable claim against Defendant under either the 13th or the 14th Amendments to the U.S. Constitution.** As Plaintiff states in her Response to Defendant's Motion to Dismiss, "no state action is present" and therefore there is no valid claim under the 14th Amendment. (ECF No. 11), p. 1. To the extent any of her claims are based upon the 14th Amendment, such claims should be dismissed.

1

Turning to Plaintiff's response in support of her claims made under the 13th Amendment, she still has failed to state how exactly Defendant violated her rights. Plaintiff cites United States v. Kaufman, 546 F.3d 1242 (10th Cir. 2008), a criminal prosecution case where a married couple operating an unlicensed group home for the mentally ill forced their patients to perform sexual acts and carry out labor on their property while nude, to support her position, but fails to show how that case is applicable to her civil claims in this case. Response (ECF No. 11), p. 3.  The criminal defendants in Kaufman were charged and convicted of violating numerous federal statutes enacted by the U.S. Congress.  Kaufman at 1247 (conspiracy (under 18 U.S.C. § 371); two counts of forced labor (under 18 U.S.C. § 1589); three counts of involuntary servitude (under 18 U.S.C. § 1584); sixteen counts of health care fraud (under 18 U.S.C. § 1347); nine counts of mail fraud (under 18 U.S.C. § 1341); one count of obstructing a federal audit (under 18 U.S.C. § 1516); one count of criminal forfeiture (under 18 U.S.C. § 982); and one count of submitting a false document to Medicare (under 18 U.S.C. § 1035).  The criminal defendants in Kaufman appealed their convictions under 18 U.S.C. § 1589 for forced labor and 18 U.S.C. § 1584 for involuntary servitude. Kaufman at 1248.  Although the Tenth Circuit analyzed the definition of "involuntary servitude" which Congress had borrowed in enacting 18 U.S.C. § 1584, there is nothing about the holding in Kaufman which would support the viability of Plaintiff's attempt to pursue a direct claim (without a Congressional enactment) under the 13th Amendment in this case.  See Kaufman, 1260-1263.

Plaintiff further argues that private actors can be held liable for violations of the 13th Amendment and that Defendant has improperly relied upon Palmer v. Thompson. Response (ECF No. 11) p. 3. However, these arguments either misunderstand or misstate Defendant's position. Defendant does not argue a private actor cannot be directly liable under the 13th Amendment. See City of Memphis v. Greene, 451 U.S. 100, 120 (1981) (13th Amendment absolutely prohibits the

practice of slavery). However, Plaintiff is not claiming that she was a slave of Defendant. Rather her claims are premised on alleged restrictions on her hairstyle at work constituting a "badge" or "incident" of slavery and there must be direct Congressional legislation to permit such an action under the 13th Amendment premised on a "badge" or "incident" of slavery. See <u>Palmer v. Thompson</u>, 403 U.S. 217, 226-227 (1971). The 13th Amendment expressly provides that "Congress shall have the power to enforce this article by appropriate legislation." Plaintiff cites no Congressional legislation upon which her claims for violation of the 13th Amendment are premised. Plaintiff has failed to allege any facts to support a direct claim against Defendant under the 13th Amendment premised on a "badge" or "incident" of slavery or any other basis.

   **C.**   **<u>Plaintiff has no viable claim against Defendant under the Kansas Bill of Rights</u>.** Again, Plaintiff concedes that "no state action is present" and therefore there is no valid claim under the Kansas Bill of Rights. Response (ECF No. 11), p. 1. To the extent any of her claims are based upon the Kansas Bill of Rights, such claims should be dismissed.

   **D.**   **<u>Plaintiff has no viable claim against Defendant under the KAAD</u>.** Plaintiff admits that she has failed to exhaust her administrative remedies as required and, therefore, her claims under the KAAD must be dismissed. Plaintiff cannot maintain a civil cause of action for violation of the KAAD without first exhausting all of her administrative remedies. <u>Sandlin v. Roche Laboratories, Inc.</u>, 268 Kan. 79, 88 (1999). Failure to do so deprives the court of subject matter jurisdiction over the claim. <u>Leeker v. Gill Studios Inc.</u>, 21 F.Supp.2d 1267, 1273 (D. Kan. 1998). Plaintiff argues that the action was part of a dual filing with the EEOC which satisfied the exhaustion requirement, but fails to provide any authority for this position. Response (ECF No. 11), p. 4. Kansas law is clear is exhaustion of KHRC administrative remedies is a prerequisite to bringing a claim under the KAAD in district court. See K.S.A. 44-1005; 44-1005(i); and 44-1010;

3

see also Sandlin, 268 Kan. at 88; Leeker, 21 F.Supp.2d at 1273; Tucking v. Board of Jefferson County Comm'rs, 14 Kan.App.2d 442, 445, rev. denied, 246 Kan. 770 (1990) (holding that the Plaintiff has the burden of pleading performance or occurrence of conditions precedent). The Parties agree that Plaintiff has not sought reconsideration from the KHRC. This alone demonstrates that Plaintiff has not exhausted her administrative remedies and requires dismissal of her KAAD claims for lack of subject matter jurisdiction.

Further, Plaintiff, in an effort to excuse her failure to seek reconsideration, admits that the KHRC has never issued an order disposing of her KAAD complaint. This admission also demonstrates that she had failed to exhaust her administrative remedies. Plaintiff's admissions make it clear that no subject matter jurisdiction exists over Plaintiff's state law KAAD claims.

**IV.    Conclusion.**  For the reasons set forth above, claims asserted by Plaintiff against Defendant which are premised on (1) the 13th or 14th Amendments to the U.S. Constitution, (2) the Bill of Rights to the Kansas Constitution, and (3) the KAAD should be dismissed.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS, P.A.
10 E. Cambridge Circle Drive, 300
Kansas City, Kansas  66103
Telephone:     (913) 371-3838
Facsimile:     (913) 371-4722
E-mail: ggoheen@mvplaw.com

By:  /s/ Gregory P. Goheen
     Gregory P. Goheen            #16291

Attorneys for Defendant Bert Nash Community Mental Health Center, Inc.

4

## CERTIFICATE OF SERVICE

      I hereby certify that on the 8th day of March, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Pantaleon Florez, Jr.
933 S. Kansas Avenue
Topeka, KS 66612-1210
Attorneys for Plaintiff

                          /s/ Gregory P. Goheen