UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIA GUESBY,

      Plaintiff,

v.

BERT NASH COMMUNITY MENTAL
HEALTH CENTER, INC.,

      Defendant.

Case No. 22-2370-DDC-TJJ

## SCHEDULING ORDER

On March 27, 2023, U.S. Magistrate Judge Teresa J. James conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Tia Guesby appeared through counsel Pantaleon Florez, Jr., by phone. Defendant Bert Nash Community Mental Health Center, Inc. appeared through counsel Gregory P. Goheen, by phone.[1]

Following is a brief summary of the nature of the case:

> This is an employment discrimination case in which the plaintiff Tia Guesby alleges race discrimination in terms and conditions of her employment, separation from employment and retaliation in violation of the 13 Amendment; 42 U.S.C. §1981; 42 U.S.C. §2000e *et seq* (Title VII); and the Kansas act against Discrimination K.S.A. 44-1001 *et seq.* This court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(3). Supplemental jurisdiction exists by 28 U.S.C. §1367.

Defendant denies Plaintiff's allegations as set forth in its Motion to Dismiss (ECF

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

No. 7).  Defendant's additional defenses will be outlined in its Answer.  Defendant reserves the right to assert such additional affirmative defenses as may become apparent during the course of discovery.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| TIA GUESBY v. BERT NASH COMMUNITY MENTAL HEALTH CENTER, INC. 22-cv-2370-DDC-TJJ SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Exchange documents identified in R. 26 disclosures | **March 31, 2023** |
| Plaintiff's settlement proposal | **April 5, 2023** |
| Jointly proposed protective order submitted to court | **April 7, 2023** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **April 7, 2023** |
| Defendant's settlement counter-proposal | **May 17, 2023** |
| Motions to amend or join additional parties | **May 22, 2023** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **May 31, 2023** |
| Experts disclosed | **August 1, 2023** |
| Mediation completed | **August 2, 2023** |
| Physical and mental examinations | **August 23, 2023** |
| Rebuttal experts disclosed | **September 18, 2023** |
| Supplementation of initial disclosures | **40 days before the deadline for completing all discovery** |
| All discovery completed | **October 2, 2023** |
| Proposed pretrial order due | **October 13, 2023** |
| Pretrial conference in KC Courtroom 236 | **October 19, 2023 at 11:00 a.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **November 17, 2023** |
| Motions challenging admissibility of expert testimony | **42 days before trial** |
| Jury Trial in KCK — ETT 5 days | **August 6, 2024 at 9:00 a.m.** |

1. **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement would be enhanced by early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **April 5, 2023**. Defendant must make a good-faith counter-proposal by **May 17, 2023**. By **May 31, 2023**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (2) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_james_chambers@ksd.uscourts.gov*. These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. Mediation is ordered. Absent further order of the court, mediation must be held no later than **August 2, 2023**. If mediation is ordered, it must be conducted in-person absent a request by the parties for virtual or remote mediation and the court's

approval of such a request. Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

2. **Discovery.**

   a. The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damage computations, and insurance coverage. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, copies of the documents described in the parties' Rule 26(a)(1) disclosures must be exchanged by **March 31, 2023.** Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served [optional: insert specific dates or intervals, and] 40 days before the deadline to complete discovery, to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to take a particular deposition or pursue follow-up written discovery before the time allowed for discovery expires. If a party includes witnesses or other information in its final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, that party presumptively will be precluded from offering the witness's testimony or other information into evidence under Fed. R. Civ. P. 37(c)(1).

   b. All discovery must be commenced or served in time to be completed by **October 2, 2023**.

  **c.**  The parties agree that principles of comparative fault do not apply.

  **d.**  Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served as follows: As required by Fed. R. Civ. P. 26(a)(2)(D), expert disclosures must be served by **August 1, 2023** and, for experts testifying solely to contradict or rebut evidence on the same subject matter identified by another party, disclosures must be served by **September 18, 2023**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

  **e.**  The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 may be appropriate in this case. The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **August 23, 2023**. If the parties disagree about the need for or scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline to allow the motion to be fully briefed and decided by the court, and the examination conducted, all before the deadline expires.

  **f.**  Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

The parties discussed ESI during the planning conference and agree that most relevant ESI searches in this matter involve the email to and from Plaintiff, the Plaintiff's supervisors, any decisionmaker with respect to Plaintiff's termination, any person responsible for conducting an investigation into Plaintiff's alleged complaints of sex and disability discrimination and retaliation and any communications between Plaintiff and any person relating to Plaintiff's claims. Both parties have been advised of their obligations to preserve electronic records during the pendency of this litigation.

The parties agree that all documents or other ESI produced by either party shall initially be produced in .pdf form. In the event either party wishes to discovery additional meta data or other information associated with a .pdf document, the party will notify in the other party in writing and identify the specific document(s) by Bates-number(s). The party requesting the ESI will also identify the nature of the ESI it is seeking and the format and media in which it would the ESI produced.

The parties will confer in good faith and if possible, agree on ESI terms, custodians, and date ranges for ESI searches, including email. If a party believes there is ESI that is relevant that has not been produced, the parties will confer in good faith regarding the existence or nonexistence of such information.

**g.** Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> The parties have agreed to address the issue as set forth in an Agreed Protective Order to be submitted to the court as set forth below.

**h.** Plaintiff's deposition shall be taken before the deposition of Defendant. The parties have agreed that if any party, counsel or witness requests any deposition to occur by video due to health-related social distancing reasons as a result of the COVID-19 pandemic, then the parties will confer about that possibility and attempt to reach agreement to conduct a video deposition or to postpone the deposition until such time as the parties agree it is safe to take the deposition in person. If the parties decide to use video

depositions, they shall use a mutually agreed video deposition platform such as Zoom to conduct the deposition(s).

**i.** The parties agree that they will not be required to identify communications between themselves and their legal counsel or themselves and their insurance carriers regarding the claims made in this suit in a Privilege Log.

**j.** No party may serve more than 25 interrogatories, including all discrete subparts, on any other party.

**k.** No more than 5 depositions may be taken by plaintiff, and no more than 5 depositions may be taken by defendant. Each deposition must be limited to 7 hours. All depositions will be governed by the written guidelines on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

**l.** Discovery may be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **April 7, 2023.** This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c). A pre-approved form protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **April 7, 2023**.

    **m.**    The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

    **n.**    The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

3. **Motions**

    **a.**    Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **May 22, 2023.**

    **b.**    All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **November 17, 2023**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

    **c.**    Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in

summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

    **d.**    All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed 42 days before trial.

    **e.**    Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference.

  **f.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).

  **g.** See D. Kan. Rule 7.1(d)(1)–(4), amended effective December 1, 2022, for applicable page limitations for discovery-related motions, summary judgment motions, and other motions.

 4. **Pretrial Conference, Trial, and Other Matters.**

  **a.** Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **October 19, 2023 at 11:00 a.m.** in the U.S. Courthouse, Room 236, 500 State Ave., Kansas City, Kansas before Magistrate Judge Teresa James. Attorneys wishing to appear by phone may request permission to do so by sending an e-mail to chambers 7 days before the conference; however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later than **October 13, 2023** defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_james_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

    *http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

  **b.** The parties expect the jury trial of this case to take approximately **5** trial days. This case is set for trial beginning on **August 6, 2024 at 9:00 a.m.** in Kansas City, Kansas before District Judge Daniel Crabtree. Unless otherwise ordered, this is not a "special" or

"No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

**c.** If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

**d.** This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated March 30, 2023, at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge