IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIA GUESBY,<br><br>    **Plaintiff,**<br><br>v.<br><br>BERT NASH COMMUNITY MENTAL<br>HEALTH CENTER, INC.,<br><br>    **Defendant.** | Case No. 22-2370-DDC-TJJ |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Bert Nash Community Mental Health Center, Inc.'s partial Motion to Dismiss (Doc. 7) and its supporting Memorandum (Doc. 8). For reasons explained below, the court grants defendant's partial Motion to Dismiss in its entirety.

**I.    Background**

The following facts come from plaintiff's Complaint (Doc. 1). The court accepts plaintiff's "well-pleaded facts as true, view[s] them in the light most favorable to [her], and draw[s] all reasonable inferences from the facts" in her favor. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

Plaintiff worked as a CNA for defendant from June 11, 2019 to March 12, 2021. Doc. 1 at 2 (Compl. ¶ 9). In December 2020, plaintiff began working for a new supervisor, Donna Powers. *Id.* at 3 (Compl. ¶ 10). Within one month of plaintiff's transfer to her new supervisor, Ms. Powers told plaintiff to "change her natural hairstyle because it looked 'messy and unkempt.'" *Id.* (Compl. ¶ 11). Ms. Powers required plaintiff to look at images of black hair styles that would be "conservative enough" and "more white looking." *Id.* (Compl. ¶ 12). Ms. Powers also instructed plaintiff to change her "ethnic hair." *Id.* Plaintiff's white coworkers

"were not asked to change their hairstyles." *Id.* (Compl. ¶¶ 16–17). Plaintiff reported to defendant's human resources department that she felt that Ms. Powers was racially discriminating against her. *Id.* (Compl. ¶ 18).

On March 12, 2021, defendant terminated plaintiff's employment based on a purported HIPAA violation. *Id.* at 4 (Compl. ¶¶ 21, 23). But plaintiff maintains that she never violated HIPAA and that this stated reason "is a mere pretext for [] unlawful discrimination." *Id.* (Compl. ¶¶ 24–25).

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Kansas Human Rights Commission ("KRHC"). *Id.* at 2, 4 (Compl. ¶¶ 4, 22). Her charge alleged that defendant had violated her civil rights by discriminating and retaliating against her based on her race. *Id.* at 4 (Compl. ¶ 22). On June 21, 2022, the EEOC issued plaintiff a "Right to Sue" letter. *Id.* at 2 (Compl ¶ 4); *id.* at 7.

Plaintiff's lawsuit alleges that defendant violated the Thirteenth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the Kansas Act Against Discrimination ("KAAD"). Doc. 1 at 1 (Compl. ¶ 2). Defendant now has moved to dismiss plaintiff's claims that are premised on the Thirteenth or Fourteenth Amendments and the KAAD under Fed. R. Civ. P. 12(b)(6). It contends that those claims fail to state a claim.[1] Doc. 7 at 1. The court addresses defendant's dismissal arguments,

---

[1] Defendant's Motion to Dismiss also seeks dismissal of claims predicated on the Kansas Bill of Rights. Doc. 7 at 1. Although plaintiff's Complaint mentions the Kansas Bill of Rights, Doc. 1 at 1 (Compl. ¶ 1), it's not clear whether plaintiff intended to bring a claim under the Kansas Bill of Rights. *See* Doc. 1 at 1 (Compl. ¶ 2) (listing the Thirteenth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1981, the Civil Rights Act of 1964, Title VII, and the KAAD but omitting any reference to the Kansas Bill of Rights). Regardless, in her response to defendant's Motion to Dismiss, plaintiff expressly concedes she isn't asserting a claim arising under the Kansas Bill of Rights. Doc. 11 at 1.

below. But first, the court recites the governing legal standard for defendant's Rule 12(b)(6) Motion to Dismiss.

## II.     Legal Standard

Under Rule 12(b)(6), a party may move the court to dismiss an action for failing "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive a Rule 12(b)(6) motion to dismiss, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009) ("The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." (citation omitted)).

When considering a Rule 12(b)(6) motion to dismiss, the court must assume that factual allegations in the complaint are true, but it is "'not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And, while this pleading standard doesn't require "'detailed factual allegations,'" it demands more than a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

**III.     Analysis**

Defendant's Motion to Dismiss asks the court to dismiss claims premised on the Thirteenth or Fourteenth Amendments of the U.S. Constitution and claims asserted under the KAAD.  Plaintiff expressly concedes that she has no claim arising under the Fourteenth Amendment.  Doc. 11 at 1.  The court thus confines its analysis, below, to the Thirteenth Amendment claim and then the KAAD claim.

**A.     Thirteenth Amendment**

Plaintiff's Complaint fails to allege facts that state a claim premised on the Thirteenth Amendment.  "The Thirteenth Amendment prohibits slavery and involuntary servitude." *Mack v. J.M. Smucker Co.*, No. 21-4038-SAC-ADM, 2021 WL 4476792, at *4 (D. Kan. Sept. 30, 2021).  It has "generally been applied to situations where physical labor was coerced by physical coercion or legal compulsion."  *Id.* (citing *United States v. Kozminski*, 487 U.S. 931, 942–44 (1988)).  The Thirteenth Amendment's prohibition against slavery and involuntary servitude is an "absolute declaration" that applies equally to state and non-state actors.  *City of Memphis v. Greene*, 451 U.S. 100, 120 (1981) (quoting *Civil Rights Cases*, 109 U.S. 3, 20 (1883)).  Plaintiff has failed to state a claim under the Thirteenth Amendment for two reasons.

*First*, plaintiff has not alleged a Thirteenth Amendment violation.  Plaintiff has not alleged that she was forced or coerced to work.  Rather, she asserts that defendant attempted to "coerce [her] into looking more white[.]"  Doc. 11 at 3.  The Supreme Court has acknowledged that "[w]hile the general spirit of the phrase 'involuntary servitude' is easily comprehended, the exact range of conditions it prohibits is harder to define."  *Kozminski*, 487 U.S. at 942.  Still, courts routinely reject Thirteenth Amendment claims that do not involve forced or coerced labor.  *See, e.g.*, *Mack*, 2021 WL 4476792, at *1, *4 (holding that plaintiff's allegations that "he was

4

subjected to disparate treatment because he is African-American, including being monitored or scrutinized more closely, treated harshly and subjected to verbal harassment" failed to state a Thirteenth Amendment claim); *Kearns v. Orr*, No. 93-2377-KHV, 1994 WL 173895, at *8 (D. Kan. Apr. 20, 1994) ("Plaintiff's claim for violation of the Thirteenth Amendment must fail because plaintiff has not alleged that he had no alternative than to work for defendants."); *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 614 (W.D. Tex. 2005) (characterizing plaintiff's allegations of termination and retaliation on basis of race as "nothing more than employment discrimination and retaliation claims disguised under the rubric of the Thirteenth Amendment"); *Jones v. Ocwen Fin. Corp.*, No. 6:19-cv-1061-Orl-37LRH, 2019 WL 6182822, at *4 (M.D. Fla. June 26, 2019) (dismissing plaintiff's Thirteenth Amendment claim because she "has not alleged that she was compelled to continue her employment with OFC, or that she was otherwise subjected to involuntary servitude"); *Stallworth v. New York*, No. 16-CV-03059 (PAE) (BCM), 2017 WL 4355897, at *15 (S.D.N.Y. July 27, 2017) (noting that Thirteenth Amendment claims asserted by "an employee who is free to walk away from any job he or she finds unsatisfactory" are "quickly dismissed" by courts). In fact, at least one court has rejected the argument that mandating a particular hairstyle is a Thirteenth Amendment violation on the grounds that the employee still had "the option of leaving her job[.]" *Rogers v. Am. Airlines, Inc.*, 527 F. Supp. 229, 231 (S.D.N.Y. 1981) ("That provision prohibits practices that constitute a 'badge of slavery' and, unless a plaintiff alleges she does not have the option of leaving her job, does not support claims of racial discrimination in employment."). In short, plaintiff has not alleged that she was subjected to slavery or involuntary servitude and thus has not stated a Thirteenth Amendment claim.

*Second*, even if plaintiff has alleged a Thirteenth Amendment violation, our court has noted that no private cause of action exists under the Thirteenth Amendment. *See Mack*, 2021 WL 4476792, at *4 ("[T]he Thirteenth Amendment does not support a private right of action against a private entity."). The overwhelming majority of courts who have considered this question agree. *E.g.*, *Gomez v. Kern*, No. 12-20622-Civ, 2012 WL 1069186, at *2 (S.D. Fla. Mar. 29, 2012) ("The *weight of authority* indicates that the Thirteenth Amendment, by itself, does not provide a private cause of action; a plaintiff must proceed under one of the Thirteenth Amendment's implementing statutes." (emphasis added and citations omitted)); *Ocwen Fin. Corp.*, 2019 WL 6182822, at *3 (compiling cases and concluding that "there is no direct cause of action for employment discrimination or harassment under the Thirteenth Amendment"); *Martinez*, 361 F. Supp. 2d at 614 ("The Thirteenth Amendment does not create a cause of action for employment discrimination."); *Doe v. Siddig*, 810 F. Supp. 2d 127, 135 (D.D.C. 2011) ("Courts in this Circuit have consistently held that there is no private right of action under the Thirteenth Amendment."). Even courts who have concluded that the Thirteenth Amendment may give rise to a private cause of action agree that such an action could arise only when "attacking slavery itself or other forms of compulsory labor akin to slavery" and not when challenging "'badges and incidents of slavery[.]'" *Bayh v. Sonnenburg*, 573 N.E.2d 398, 410 (Ind. 1991) (first citing *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 439 (1968); then citing *Palmer v. Thompson*, 403 U.S. 217, 226–27 (1971)); *cf. Jones*, 392 U.S. at 440 ("Surely *Congress* has the power under the Thirteenth Amendment rationally to determine what are the badges and the incidents of slavery, and the authority to translate that determination into effective legislation." (emphasis added)). Since plaintiff does not allege that defendant subjected her to compulsory labor akin to slavery, plaintiff cannot maintain a private cause of action based

on the Thirteenth Amendment. The court thus dismisses plaintiff's claims based on the Thirteenth Amendment.

### B. Kansas Act Against Discrimination

The court likewise dismisses plaintiff's claims based on the KAAD. The KAAD "require[s] plaintiff to exhaust administrative remedies before filing suit[,]" and "[t]hus a plaintiff who has failed to exhaust administrative remedies may not prosecute a civil action under KAAD[.]" *Young v. Desco Coatings of Kan., Inc.*, 179 F.R.D. 610, 613 (D. Kan. 1998) (first citing Kan. Stat. Ann. §§ 44-1111–44-1121; then citing Kan. Stat. Ann. § 44-1010 (further citations omitted)); *see also Sandlin v. Roche Lab'ys, Inc.*, 991 P.2d 883, 888 (Kan. 1999) ("More recent case law regarding the KAAD has consistently noted that an independent civil action under the KAAD can only be filed once administrative remedies have been exhausted.").

Plaintiff alleges that she filed a charge with the KHRC. Doc. 1 at 2 (Compl. ¶ 4). This step is necessary, but not sufficient to exhaust administrative remedies under the KAAD. *Swartzel v. Johnson Cnty. Cmty. Coll.*, No. 21-02090-EFM-GEB, 2022 WL 218711, at *6 (D. Kan. Jan. 25, 2022) ("The KAAD requires that a plaintiff timely file an administrative charge with the Kansas Human Rights Commission before filing a lawsuit. Filing a charge alone, however, is not sufficient to exhaust." (footnote omitted)). Plaintiff has not alleged any facts about the KHRC proceedings beyond her assertion that she filed a charge. And the right-to-sue letter from the EEOC is insufficient to establish that plaintiff exhausted administrative remedies under the KAAD. *Swartzel*, 2022 WL 218711, at *6; *Ratts v. Bd. of Cnty. Comm'rs, Harvey Cnty., Kan.*, 141 F. Supp. 2d 1289, 1298 (D. Kan. 2001) ("A plaintiff may not rely on an EEOC notice as proof of his exhaustion of remedies under state law." (citation omitted)). Additionally, the EEOC's right-to-sue letter contains a single EEOC charge number and makes no reference to

the KHRC or a KHRC complaint filed by plaintiff.  Plaintiff's Complaint and attached exhibits simply don't support her conclusory allegation that she dual-filed her EEOC claim with the KHRC.  And even if she did dual-file, plaintiff's Complaint does not allege that she *completed* administrative proceedings with the KHRC before filing this action.[2]  The court thus dismisses plaintiff's KAAD claims without prejudice.  *See Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1166 (10th Cir. 2018) (explaining that dismissal should be without prejudice when predicated on a failure to exhaust administrative remedies).

In sum, the court grants defendant's partial Motion to Dismiss.  Plaintiff has not alleged facts that can support a Thirteenth Amendment violation, and plaintiff has not exhausted administrative remedies, a necessary precondition to an action based on the KAAD.  The court thus dismisses plaintiff's Thirteenth Amendment claim with prejudice.  And it dismisses plaintiff's KAAD claim without prejudice.  Defendant's motion doesn't seek dismissal of plaintiff's claims which are premised on violations of 42 U.S.C. § 1981 and Title VII.  *See* Doc. 7 at 1 n.1; *see also* Doc. 11 at 1.  Thus, those claims will proceed.

---

[2]  The parties argue about the significance of Kan. Stat. Ann. § 44-1010 which states: "No cause of action arising out of any order or decision of the commission shall accrue in any court to any party unless such party shall petition for reconsideration as herein provided."  This statute, by its very language, applies when the Kansas Human Rights Commission has issued an order or decision.  Here, however, it is not clear that the KHRC ever dispensed an order or decision.  So this statute's relevance isn't clear.  The bottom line is this:  Plaintiff hasn't pleaded facts capable of supporting a plausible finding or inference that she has exhausted her administrative remedies.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the defendant's partial Motion to Dismiss (Doc. 7) is granted.

**IT IS SO ORDERED.**

**Dated this 21st day of April, 2023, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
