IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TIA GUESBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22-2370-DDC-TJJ |
| v. | ) | |
| | ) | |
| BERT NASH COMMUNITY MENTAL | ) | |
| HEALTH CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER**

    **COMES NOW** Defendant Bert Nash Community Mental Health Center, Inc. ("Defendant") by and through its attorneys, McAnany, Van Cleave & Phillips, P.A. and for its answer to Plaintiff's Complaint (ECF No. 1), states as follows:

    1. The allegations set forth in paragraph no. 1 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering Defendant. Plaintiff's only remaining claims are those pursuant to 42 U.S.C. §1981 and Title VII. See Memorandum and Order (ECF No. 19). Defendant denies that Plaintiff has any viable claim under either of these federal statutes or that she is entitled to any relief requested in paragraph no. 1.

    2. The allegations set forth in paragraph no. 2 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering Defendant. Plaintiff's only remaining claims are those pursuant to 42 U.S.C. §1981 and Title VII. See Memorandum and Order (ECF No. 19). Defendant denies that Plaintiff has any viable claim under either of these federal statutes

**JURISDICTION AND VENUE**

3. The allegations set forth in paragraph no. 3 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering Defendant.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 4 of Plaintiff's Complaint (ECF No. 1) and therefore denies the same. Defendant does not contest that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and Kansas Commission on Human Rights and that a "Right to Sue" letter is attached as Exhibit A to Plaintiff's Complaint (ECF No. 1).

5. The allegations set forth in paragraph no. 5 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from this answering Defendant.

6. The allegations set forth in paragraph no. 9 of Plaintiff's Complaint (ECF No. 1) call for a legal conclusion which does not require an admission or denial from Defendant. However, venue is not contested.

## PARTIES

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 7 of Plaintiff's Complaint (ECF No. 1) and therefore denies the same. Defendant does not challenge Plaintiff's self-identification as an individual of African descent.

8. With respect to the allegations set forth in paragraph no. 8 of Plaintiff's Complaint (ECF No. 1), Defendant admits it is a Kansas not for profit corporation and that its registered agent is Bradley Finkeldei at 900 Massachusetts Street, Suite 500, Lawrence, Kansas.

## FACTUAL ALLEGATIONS

9. With respect to the allegations set forth in paragraph no. 9 of Plaintiff's Complaint (ECF No. 1), Defendant admits Plaintiff was employed by Defendant from around June 2018 to March 2021.

10. With respect to the allegations set forth in paragraph no. 10 of Plaintiff's Complaint (ECF No. 1), Defendant admits Donna Powers was Plaintiff's supervisor from around December 2019 to March, 2021.

11. With respect to the allegations set forth in paragraph no. 11 of Plaintiff's Complaint (ECF No. 1), Defendant admits that sometime after Plaintiff's transfer Donna Powers discussed Plaintiff's hairstyle with her.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 12 of Plaintiff's Complaint (ECF No. 1) and therefore denies the same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 13 of Plaintiff's Complaint (ECF No. 1) and therefore denies the same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 14 of Plaintiff's Complaint (ECF No. 1) and therefore denies the same.

15. Tthe allegations set forth in paragraph no. 15 of Plaintiff's Complaint (ECF No. 1) are denied.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 16 of Plaintiff's Complaint (ECF No. 1) and therefore denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 17 of Plaintiff's Complaint (ECF No. 1) and therefore denies the same.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph no. 18 of Plaintiff's Complaint (ECF No. 1) and therefore denies the same.

19. With respect to the allegations set forth in paragraph no. 19 of Plaintiff's Complaint (ECF No. 1), Defendant admits that a meeting was held with Plaintiff and Donna Powers to discuss comments about Plaintiff's hairstyle.

20. The allegations set forth in paragraph no. 20 of Plaintiff's Complaint (ECF No. 1) are denied.

21. The allegations set forth in paragraph no. 21 of Plaintiff's Complaint (ECF No. 1) are denied.

22. With respect to the allegations set forth in paragraph no. 22 of Plaintiff's Complaint (ECF No. 1), Defendant does not contest that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and Kansas Commission on Human Rights.

23. Defendant admits that Plaintiff was terminated for a HIPAA violation as alleged in paragraph no. 23 of Plaintiff's Complaint (ECF No. 1).

24. The allegations set forth in paragraph no. 24 of Plaintiff's Complaint (ECF No. 1) are denied.

25. The allegations set forth in paragraph no. 25 of Plaintiff's Complaint (ECF No. 1) are denied.

26. The allegations set forth in paragraph no. 26 of Plaintiff's Complaint (ECF No. 1)

are denied.

27.      The allegations set forth in paragraph no. 27 of Plaintiff's Complaint (ECF No. 1) are denied.

28.      The allegations set forth in paragraph no. 28 of Plaintiff's Complaint (ECF No. 1) are denied.

29.      Defendant denies that Plaintiff is entitled to any of the damages or relief requested in the *ad damnum* clause on pages 5-6 of Plaintiff's Complaint (ECF No. 1).

30.      Defendant denies that its conduct has caused Plaintiff any damages.

31.      Defendant denies the nature and extent of Plaintiff's claimed injuries.

32.      Plaintiff's demand for a jury trial contained on page 6 of her Complaint (ECF No. 1) does not lend itself to either admission or denial. Defendant denies that Plaintiff is entitled to a jury trial on some or all of her claims.

33.      Defendant denies each and every allegation, including portions thereof, contained within Plaintiff's Complaint (ECF No. 1) which has not been specifically admitted to herein.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint (ECF No. 1) fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, for Plaintiff's failure to exhaust administrative remedies.

3.      Plaintiffs' claims are barred by the applicable statute of limitations.

4.      Plaintiff's claims under Title VII, if any, are limited to the claims set forth in her EEOC charge.

5.      Plaintiff lacks standing to pursue her claims.

6. The Court lacks subject matter jurisdiction over all, or part, of Plaintiff's claims.

. Defendant has, at all times, acted rationally or reasonably in good faith, without fraud, malice, or discriminatory or retaliatory intent, in the exercise of business judgment and for legitimate nondiscriminatory or nonretaliatory reasons. Assuming *arguendo* that Plaintiff's race and/or her engagement in any protected activity under the statutes referenced in her Compliant (ECF No. 1) was a consideration, which is denied, Defendant would have still taken the same actions based on those other factors.

7. Defendant denies that any of its employees or agents, acting within the course and scope of their agency or employment, violated any duty owed to or caused any damage or injury to Plaintiff.

8. Plaintiff's claims are barred in whole or in part by the doctrines of wavier and estoppel.

9. Plaintiff's damages, if any, are limited, in whole or in part, by the Civil Rights Act of 1991 (42 U.S.C. § 1981a), Title VII, the Thirteenth and Fourteenth Amendments to the United States Constitution and any other applicable constitutional, statutory or common law limitations or caps on damages.

10. The damages sought by Plaintiff are based on pure speculation and are therefore not recoverable against this Defendant.

11. Plaintiffs' claims for equitable relief, if any, are barred, in whole or in part, by her claim for actual damages and the existence of an adequate remedy at law and are moot.

12. Plaintiff has failed to properly mitigate her damages, if any.

13. Plaintiff's claims for lost wages, if any, must be offset by her interim or imputed earnings.

14. Plaintiff's claim for unspecified legal and equitable relief is improper.

15. Plaintiff's claims for equitable relief, if any, are barred, in whole or in part, by the doctrine of unclean hands.

16. Plaintiff's claims for punitive damages against Defendant are barred or limited in whole or in part because Plaintiff has not alleged egregious conduct necessary for punitive damages under the statutes cited.

17. Plaintiff's claims for punitive damages are disproportionate to the injuries suffered, if any, and violate the excessive fines clause of the Eighth Amendment and due process clause of the Fourteenth Amendment to the U.S. Constitution.

18. Plaintiff's claims for punitive damages are limited to the extent they violate Defendant's constitutional rights under Article I, Section 8 and the Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution.

19. Plaintiff's allegations and other factual contentions have no evidentiary support and are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

20. Defendant incorporates by reference the defenses and authorities raised in its motion to dismiss and memoranda in support which has been filed herein.

21. This action is frivolous and insubstantial having been filed without probable cause or reasonable investigation entitling defendant to its costs, including reasonable attorneys' fees, incurred in defending this action.

22. Defendant reserves the right to assert any further defenses which may become apparent during the course of discovery.

**WHEREFORE**, Defendant respectfully requests that judgment be entered in its favor and

against Plaintiff and that it be awarded its costs, including reasonable attorneys' fees, incurred in defending this action and such other relief as deemed fair, just and equitable.

        Respectfully submitted,

        McANANY, VAN CLEAVE & PHILLIPS, P.A.
        10 E. Cambridge Circle Drive, 300
        Kansas City, Kansas  66103
        Telephone:    (913) 371-3838
        Facsimile:     (913) 371-4722
        E-mail: ggoheen@mvplaw.com

        By:  /s/ Gregory P. Goheen
            Gregory P. Goheen            #16291

        Attorneys for Defendant Bert Nash Community Mental Health Center, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 5th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Pantaleon Florez, Jr.
933 S. Kansas Avenue
Topeka, KS 66612-1210
Attorneys for Plaintiff

        /s/ Gregory P. Goheen